COSTELLO BROTHERS, INC., *vs.* JOHN BUCKLEY.

JANUARY 13, 1930.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Barrows, and Murdock, JJ.

PER CURIAM. This is an action in assumpsit to recover on a series of six promissory notes, all dated January 4, 1927,

and payable in one to six-months from their date. The notes were payable to the order of the plaintiff and signed by James H. Martin. Across the back of each note at the top is printed the following: "Waiving demand and notice hereby endorse and guarantee the full payment of the within note and interest; future payments of interest in renewal or extension thereof, and indulgence to the maker not releasing ." Directly underneath is defendant's signature but lengthwise of the note and so at a right angle with the printed form. The signature of the defendant was placed on the notes before delivery to the plaintiff. At the trial in the Superior Court the plaintiff introduced the notes and rested; the defendant offered no testimony but moved for direction of a verdict on the ground that the defendant was an indorser, not a guarantor, and, as he had not received notice of dishonor, was not liable as an indorser. The trial justice denied this motion and granted the motion of the plaintiff that a verdict in its favor be directed. The case is before us on defendant's exceptions to the above rulings of the court below.

It is contended in behalf of the defendant that, inasmuch as the blank spaces in the printed form were not filled in and as he did not sign his name in the usual manner, Section 23 of Chapter 227, General Laws, applies. So much of said section as is pertinent is as follows: "Sec. 23. Where the language of the instrument is ambiguous, or there are omissions therein, the following rules of construction apply . . . 6. Where a signature is so placed upon the instrument that it is not clear in what capacity the person making the same intended to sign, he is to be deemed an indorser;"

We find no ambiguity in the instruments in question. The blank spaces in the printed form could only be filled, without destroying the sense, by inserting the first person singular or plural of the personal pronoun. The plaintiff had the right under Section 20 of Chapter 227, General Laws, to fill in these blank spaces with the appropriate

words. We need not consider the effect on the liability of the defendant as a guarantor of the failure of plaintiff to exercise this right, for the reason that the defendant is liable as an indorser who has waived demand and notice unless his contention is sustained that, by reason of the manner in which he signed his name, he is to be deemed an indorser who is entitled to notice of dishonor. We are of the opinion that this contention cannot be sustained. The defendant's signature is large and scrawling and it is evident that he wrote his name lengthwise of the notes so as to be sure to have plenty of room. He started his signature close to the printed form and on one of the notes, in writing the first letter of his name, the downward stroke encroached upon the printed matter and he started his signature over again. It is clear that he was fully aware of the printed form above his signature and was careful not to encroach upon it. We are of the opinion that he was aware of the meaning of the printing upon the back of the note and signed his name intending to be bound thereby.

All of the defendant's exceptions are overruled and the case is remitted to the Superior Court for entry of judgment upon the verdict as directed.

*Michael F. Costello, Francis J. O'Brien,* for plaintiff.
*Woolley & Blais, John F. Quinn,* for defendant.